IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA LLC, | ) | |
| | ) | |
| Plaintiff | ) | No. 13 cv 7136 |
| | ) | |
| vs | ) | Judge Marvin Aspen |
| | ) | |
| JOHN DOE, subscriber assigned IP address 68.58.23.97 | ) | Magistrate Judge Cole |
| | ) | |
| | ) | |
| Defendant | ) | |

Response to Rule to Show Cause

Mary K. Schulz, ("Schulz"), on her own behalf states as her response to this Court's order to show cause why a recommendation should not be made to Judge Aspen for Schulz to be held in contempt for her use of an epithet as follows:

Introduction

On October 25, 2013 Schulz appeared in court to present a motion to serve a third party subpoena prior to a rule 26(f) conference, (the "Motion"). During the hearing on the Motion, the Court and Schulz had some discussion about the type of order to be entered. A transcript of the October 25, 2013 hearing is attached hereto as Exhibit A and made a part hereof. At no time during the hearing on the Motion did Schulz utter any inappropriate remarks. See Exhibit A. Following the hearing, Schulz mouthed words, including an epithet. The evidence clearly demonstrates that whatever Schulz mouthed cannot be the basis of a recommendation to find her in contempt of court.

## Facts

1. The October 25, 2013 hearing commenced at 8:34 a.m. and concluded with the Court granting the Motion and Schulz thanking the Court. See Exhibit A.

2. Following the hearing, while Schulz was at the counsel table she mouthed the epithet. See Notification of Docket Entry, DE 10, a true and correct copy of which is attached hereto as Exhibit B and made a part hereof.

3. Schulz' statement was not made to or in the presence of the Court. It was made while her back was turned to the bench to an individual in the front rows of the court's gallery. See Notification of Docket Entry, DE 12, a true and correct copy of which is attached hereto as Exhibit C and made a part hereof.

4. The initial order entered granting the Motion was insufficient because it did not contain the name of the defendant. A true and correct copy of the Notification of Docket Entry, DE 11, is attached hereto as Exhibit D and made a part hereof.

## Argument

### I. There is No Basis For Holding Schulz in Contempt of Court

#### A. There is No Basis for a Claim of Civil Contempt

The Court has not, either in its October 25, 2013 order or the order entered October 28, 2013, stated whether it considered Schulz' conduct to be civil or criminal contempt. The difference between civil and criminal contempt is the character and purpose of the punishment. Shales v. T. Manning Concrete, Inc., 847 F.Supp.2d 1102, 1113, (N.D. Ill 2012). The court's civil contempt power is based on its limited authority to enforce compliance with its orders. Id. at 1114.

Civil contempt does not apply in this case. It is clear that Schulz did not violate

any court order.

This is not a case of civil contempt.

B. There is No Basis for a Claim of Criminal Contempt

1. There is No Basis for a Claim of Direct Contempt

Contempt is considered criminal contempt if the purpose is to punish the actor, vindicate the court's authority or prevent future conduct. Id. It appears that this Court would be recommending that Schulz be punished for her conduct, and thus Schulz' behavior, if contemptible would fall in to the area of criminal contempt.

Criminal contempt is governed by 18 USC §401. It states:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 USC §401.

Relevant to these proceedings, it is interesting to note that §401 was passed as a direct result of a federal judge finding a newspaper in contempt for criticizing one of his opinions. Goss v. State of Illinois, 204 F.Supp. 268, 274, (N.D. Ill. 1962), rev'd on other grounds. Goss was called as a witness during a child custody hearing. He was also the host of a television show. Goss used his television show to make comments about the proceedings, the parties and the witnesses. His comments were severe and tended to ridicule the targets of his comments. Id. at 270. More than forty days after the child custody hearings were concluded, the judge before whom the custody hearing was held, instituted contempt proceedings against Goss. Id. The finding of contempt against Goss was upheld by the Illinois Supreme Court, in part because it found that his

comments were directed against the parties to the proceedings and not the judge.

> Explaining that the three principal United States Supreme Court decisions on contempt vs. freedom of speech out of which the reasonable tendency rule has been supplanted by the clear and present danger rule, related to intimidation of judges, who are deemed to be able to withstand intimidation, thus accounting for their reversals of state contempt punishment, the Court found that here the intimidation was not of the trial judge but of the parties and their witnesses who have no special degree of fortitude to withstand intimidation, and thus the United States Supreme Court decisions did not apply. Id.

The court in Goss goes on to discuss the tension between freedom of speech and the orderly conduct of court proceedings. The Supreme Court applies the "clear and present danger" rule in balancing the two interests. State and Federal courts have been almost exclusively prohibited from punishing by contempt any out of court statements.

> Almost no circumstance will permit the use of contempt to merely protect the Judge from intimidation. Thus Craig v. Harney, 331 U.S. 367, at 376, 67 S.Ct. 1249, at 1255, states:'But a judge may not hold in contempt one who ventures to publish anything that tends to make him unpopular or to belittle him. * * *' Id. at 273.

Section 401 recognizes two types of criminal contempt; direct and indirect. In re Troutt, 460 F.3d 887, 893, (7th Cir. 2006). Direct contempt is conduct committed in the actual presence of the court and where no extrinsic evidence is needed to prove the contempt. Id.

It is clear from the evidence in this case that the conduct by Schulz which is the subject of the Court's displeasure is not direct contempt because it was not committed in the actual presence of the court. Further, extrinsic evidence is needed, the testimony of Mosser, to establish the claim against Schulz. Accordingly, there is no basis to find that Schulz' conduct was direct criminal contempt.

2. There is No Basis for a Claim of Indirect Contempt

Any conduct which is not direct contempt is considered indirect contempt. Id. The Troutt court also stated that the least power necessary to achieve the desired goal should be used. Id..

Under §401(1), arguably, conduct which does not occur in the court's presence could still be found to be indirect contempt but only if the conduct did obstruct the administration of justice. U.S. v. Britton, 2013 WL 5480186, at 3, (7th Cir. 2013). And, subsection (1) requires actual proof of an actual obstruction of justice. Id.

Schulz' comment was certainly intemperate, born, as she said, by a feeling of frustration during the hearing on the Motion. See page 3 of transcript of proceedings on October 28, 2013, a true and correct copy of which is attached hereto as Exhibit E. It is clear from the transcript of that hearing that Schulz was attempting to avoid the issuance of an insufficient order. See Exhibit A at 4 and 5. Notwithstanding those attempts, the order that was entered was, in fact, insufficient. See Exhibit D. During the hearing on October 28, 2013 Schulz again attempted to get a corrected order which would be sufficient to grant the motion. See Exhibit E at 6.

In any event, there was clearly no obstruction of justice. As stated in Britton ("[B]ecause the conduct occurred outside the judge's presence and, rather than being forced to stop proceedings by [the] behavior, the judge had to actually *convene* proceedings ..., "there was no obstruction of justice. Britton at 4.

Similarly, in the instant case the comments at issue were made outside the judge's presence and according to Britton, such comments cannot be the basis for a finding of contempt.

Conclusion

It is clear from the facts of this case and the law applied to those facts that there is no basis for finding Schulz' conduct in contempt. Accordingly, Schulz respectfully requests that this Court entering a finding that no contempt occurred on October 25, 2013.

Respectfully submitted,

s/Mary K. Schulz

Mary K. Schulz
Schulz Law, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
224.535-9510
**SchulzLaw@me.com**

CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2013, I provided service to the person or persons listed above by the following means: ECF

/s/ Mary K. Schulz

Mary K. Schulz, 6183773
Schulz Law, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
224.535-9510

] A federal court has the authority to punish contempt by imprisonment. **18 U.S.C. § 401**. ***Contempt includes "[m]isbehavior of any person in [the court's] presence or so near thereto as to obstruct the administration of justice," id. § 401(1), and "[d]isobedience or resistance to [the court's] lawful … order …," id. § 401(3). (Subsection (1) requires proof of an actual obstruction of justice, whereas subsection (3) lacks such a requirement***.

Britton at 3 **U.S. v. Britton**
--- F.3d ----, 2013 WL 5480186
C.A.7 (Ill.),2013.
October 03, 2013 (Approx. 6